1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9    RONALD ROSE,

10            Plaintiff,                        CIV. NO. S-10-3250 FCD GGH PS

11        vs.

12
     AMERICAN HOME MORTGAGE
13   SERVICING, INC., et al.,
                                               ORDER AND
14            Defendants.                      FINDINGS AND RECOMMENDATIONS
     _____/

15

16            Plaintiff is proceeding pro se in this action, referred to the undersigned pursuant to

17   Local Rule 72-302(c)(21).  Presently before the court is defendant American Home Mortgage

18   Servicing, Inc.'s ("AHMSI") motion to dismiss, filed December 9, 2010.[1]  Plaintiff filed an

19   opposition after a show cause order was issued.  Having reviewed the papers in support of and in

20   opposition to the motion, the undersigned now issues the following order and findings and

21   recommendations.

22   \\\\

23   \\\\

24   \\\\

25

26        [1]  The matter was vacated from the February 10, 2011 calendar after it was determined
     that oral argument was unnecessary.

BACKGROUND

This foreclosure action was removed from state court to this court on December 6, 2010, by defendant AHMSI.[2]  The complaint alleges that defendants have failed to produce a proof of claim that they are allowed to enforce the note under the FDCPA (15 U.S.C. § 1692), TILA (15 U.S.C. § 1611), RESPA (26 U.S.C. § 2605), 18 U.S.C. § 1701, and California's Uniform Commercial Code.  Plaintiff seeks declaratory relief and rescission.  Defendant AHMSI moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

This matter was originally scheduled for hearing on February 10, 2011; however, after plaintiff failed to oppose the motion or file a statement of non-opposition, this court issued an order to show cause why sanctions should not be imposed for this failure.

Plaintiff responded to the order to show cause with a satisfactory explanation, and requested  further time to obtain counsel and file an opposition.  That request was granted and on March 28, 2011, plaintiff filed an opposition.  Therefore, the order to show cause will be discharged and sanctions will not be imposed.

DISCUSSION

I.  Legal Standard for Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual

---

[2]  It appears from the record that co-defendant Option One Mortgage, now known as Sand Canyon Corporation, has not been served and has not made an appearance in this case.

2

1  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>,

2  ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955).

3  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

4  draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>.

5         In considering a motion to dismiss, the court must accept as true the allegations of

6  the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.

7  Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

8  motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421,

9  89 S. Ct. 1843, 1849, <u>reh'g</u> <u>denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume

10  that general allegations embrace those specific facts that are necessary to support the claim.'"

11  <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 256, 114 S.Ct. 798, 803

12  (1994), <u>quoting</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

13  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

14  <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

15         The court may consider facts established by exhibits attached to the complaint.

16  <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also

17  consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d

18  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

19  papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir.

20  1986). The court need not accept legal conclusions "cast in the form of factual allegations."

21  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

22         A pro se litigant is entitled to notice of the deficiencies in the complaint and an

23  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. <u>See</u>

24  <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987).

25  \\\\

26

1    II.  <u>Analysis</u>

2          AHMSI asserts two grounds for dismissal, that defendants are not required to

3    "hold the note" prior to initiating foreclosure, and that plaintiff is unable to tender the amount of

4    the debt to cure the loan's default.  Although AHMSI removed this action to federal court, its

5    motion to dismiss is based exclusively on California law.

6          A.  <u>California Commercial Code</u>

7          Plaintiff  relies on the discredited theory that the holder of the note must be

8    identified before nonjudicial foreclosure can take place in California.  Plaintiff disputes the

9    authority of defendant AHMSI, the loan servicing agent for U.S. Bank, which was assigned as a

10   trustee by Sand Canyon Corporation, fka Option One Mortgage, to initiate the nonjudicial

11   foreclosure proceedings against plaintiff's home without actual possession of the original

12   promissory note.  This contention is meritless.  <u>See</u> <u>Champlaie v. BAC Home Loans Servicing,</u>

13   <u>LP</u>, 706 F.Supp.2d 1029 (E.D. Cal. 2009) (in nonjudicial foreclosure under California law,

14   production or possession of the promissory note is not required).  Essentially, "California Civil

15   Code sections 2924-29241 establish an exhaustive set of requirements for non-judicial

16   foreclosure, and that production of the note is not one of these requirements."  <u>Id.</u> at 1048.

17         B.  <u>Ability to Tender</u>

18         AHMSI next contends that plaintiff has not tendered the amount due which is a

19   condition precedent to an action seeking to set aside or cancel a foreclosure sale.  AHMSI has

20   cited only California case law in support, but argues that the tender requirement is applicable to

21   the entire complaint.  Defendant cites no federal authority to support dismissal of the FDCPA,

22   TILA or RESPA claims on this basis.[3]

23   \\\\

24

25         [3]  Further, although defendant also cited 18 U.S.C. §2701 as a basis for removal to federal
     court, defendant makes no argument to dismiss this claim.

26

1    Of the federal claims, only the TILA claim requires a tender to be valid for

2 recission purposes.  The Ninth Circuit has held that rescission under TILA "*should* be

3 conditioned on repayment of the amounts advanced by the lender."  <u>Yamamoto v. Bank of N.Y.</u>,

4 329 F. 3d 1167, 1170 (9th Cir. 2003) (emphasis in original).  District courts in this circuit have

5 dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to

6 allege an ability to tender loan proceeds.  <u>See, e.g.</u>, <u>Garza v. Am. Home Mortgage</u>, 2009 WL

7 188604 at *5(E.D. Cal. 2009) (stating that "rescission is an empty remedy without [the

8 borrower's] ability to pay back what she has received"); <u>Ibarra v. Plaza Home Mortgage</u>, 2009

9 WL 2901637 at *8 (S.D. Cal. 2009); <u>Ing Bank v. Korn</u>, 2009 WL 1455488 at *1 (W.D. Wash.

10 2009).  In this case, plaintiff has failed to allege any facts relating to his ability to tender the loan

11 proceeds, or that he in fact ever tendered the loan proceeds.

12    For this reason, any claim for rescission under TILA must be dismissed.

13    C.  <u>Remaining Federal Claims</u>

14    AHMSI has not addressed the FDCPA or RESPA claims, or the claim under 18

15 U.S.C. §2701.  Therefore, the motion to dismiss will be granted only on the grounds raised by

16 this defendant.  Defendant shall file an answer to these remaining claims.[4]

17 <u>CONCLUSION</u>

18    Accordingly, IT IS ORDERED that: the order to show cause, filed February 7,

19 2011, is discharged.

20    For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

21    1.  Defendant AHMSI's motion to dismiss (Dkt. no. 5) be granted;

22    2.  The state law claims be dismissed;

23    3.  The TILA claim be dismissed;

24

25    [4] Defendant is informed that all claims subject to dismissal should be addressed in one
26 motion.

5

1       4.  Defendant be directed to file an answer to the remaining federal claims within

2  28 days of an order adopting these findings and recommendations.

3       These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

5  fourteen (14) days after being served with these findings and recommendations, any party may

6  file written objections with the court and serve a copy on all parties.  Such a document should be

7  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

8  objections shall be served and filed within fourteen (14) days after service of the objections.  The

9  parties are advised that failure to file objections within the specified time may waive the right to

10  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:   05/24/2011

                                      /s/ Gregory G. Hollows

12

13                                  GREGORY G. HOLLOWS
                                  UNITED STATES MAGISTRATE JUDGE

14  GGH:076/Rose3250.mtd.wpd